### No. 53
### DOUGLAS v. OLSON CONST. CO.
No. 20206. Supreme Court

On motion to certify. Dock. Dec. 6, 1926, 4 Abs. 833.

871. OPENING STATEMENTS—May court direct verdict in favor of defendant on opening statement of plaintiffs counsel where such opening statement does not pretend to be a full and accurate statement of the facts; and where counsel asserts that testimony may show facts to be different in important particulars?

Tracy Douglas instituted this action originally in the Summit Common Pleas against the Victor Olson Construction Co., seeking to recover damages for injuries sustained due to the alleged negligence of the Company in having left open and unguarded a manhole in the street into which Douglas fell when he stepped backwards in observing a truck approaching the point at or near the edge of the street where he stood talking to a friend.

The Construction Co. had just finished paving the street and was finishing up with the grading of another street which street intersected the one newly paved.

After the opening statement of the plaintiff had been made, the defendant moved the Court

to direct a verdict on the ground that the plaintiff's petition does not state a cause of action and that the petition, taken in connection with the opening statement of counsel could in no event permit a recovery. After argument the motion was sustained and plaintiff was denied the right to amend. The Court of Appeals affirmed the lower court and Douglas in the Supreme Court, raises the following questions:

1. Whether upon the opening statement of plaintiff's counsel, which does not pretend to be an accurate or full statement of facts, but on the contrary affirmatively asserts that the testimony may show the facts to be different in important particulars, the court may direct a verdict.

2. Whether counsel must state a fullness of facts as constitute a cause of action as in his petition; and it is a question whether or not counsel for plaintiff made some statement in opening that showed contributory negligence to defeat his cause.

3. Whether or not the rigidity of the construction to be given the terms of the opening statements amounts to a refusal to allow plaintiff to amend.

4. Whether the act of plaintiff in stepping backwards into a man-hole, 15 feet, on a street open to traffic, the cover of which man-hole has been left off by defendant, with no flag marker or guard rail, amounts to such contributory negligence as precludes recovery.

Attorneys—E. Guy Hammond for Douglas; Rockwell and Grant for Company; all of Akron.